UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
In re:

Barry Dynkin,                                                    Chapter 7
                                                                 Case No. 24-70390-ast
                 Debtor.
-----------------------------------------------x

Ben-Zion Alcalay,

                 Plaintiff,

    -against-                                                 Adv. Pro. No. 24-08041-ast

Barry Dynkin,

                 Defendant.
-------------------------------------------------x

## DECISION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### *Preliminary Statement*

Barry Dynkin ("Debtor," or "Defendant"), filed a chapter 7 bankruptcy case under title 11 of the United States Code on January 31, 2024 (the "Bankruptcy Case" and the "Bankruptcy Code"). Allan B. Mendelson was appointed as the Chapter 7 Trustee. As of the date of entry of this Order, the Bankruptcy Case is still pending.

On March 20, 2024, Ben-Zion Alcalay ("Plaintiff") filed his proof of claim [Claim No. 2] (the "Plaintiff's Claim") in the Bankruptcy Case in the amount of $345,046.70.

On May 6, 2024, Plaintiff filed an adversary complaint [Dkt. No. 1] (the "Complaint") and initiated this Adversary Proceeding. Plaintiff requests that the Court enter judgment against Defendant excepting Plaintiff's Claim from discharge pursuant to 11 U.S.C. § 523(a) alleging the debts the Defendant owes to Plaintiff are for money obtained through fraud and false pretenses.

On June 6, 2024, Defendant filed an answer to the Complaint [Dkt. No. 4].

The Court held a pre-trial conference on December 17, 2024, during which it set forth a briefing schedule for the parties to move for summary judgment. Plaintiff's summary judgment motion was due by December 20, 2024; Defendant's response was due by January 22, 2025; and Plaintiff's reply was due by February 4, 2025.

On December 20, 2024, Plaintiff filed a Motion for Summary Judgment (the "Motion") requesting that the Court enter judgment excepting Plaintiff's claims from discharge as a matter of law [Dkt. No. 14]. On December 20, 2024, Plaintiff also submitted their Rule 7056-1 statement of undisputed material facts [Dkt. No. 17], which Defendant failed to timely dispute.

On January 22, 2025, Defendant filed opposition to the Motion [Dkt. No. 21].

On January 27, Defendant filed a Rule 7056 counterstatement of material facts [Dkt. No. 23], five days late.

Plaintiff filed a letter response to Defendant's counterstatement [Dkt. No. 24], requesting that the Court strike the Defendant's counterstatement of material facts from the summary judgment record and bar such counterstatement as untimely.

On February 4, Plaintiff filed a Reply Memorandum of Law in Further Support of the Motion [Dkt. No. 25].

For the reasons set forth below, the Court finds and determines that summary judgment should be granted in favor of Plaintiff.

### *Factual Background*

The Court incorporates by reference the facts which the parties have agreed are not in genuine dispute. Although the Court is not required to consider Defendant's untimely

counterstatement of material facts, it has read and considered Defendant's Rule 7056 statement as part of the summary judgment record.

The following material facts are undisputed for the purposes of this decision.

### 1. The Florida State Court Proceeding

On November 23, 2020, Plaintiff commenced an action against Defendant, Defendant's brother, Benjamin Dynkin ("Benjamin," and together with the Defendant, the "Dynkins"), and Atlas Cybersecurity LLC ("Atlas", and collectively with Defendant and Benjamin, the "Florida Defendants") in the 15th Judicial Circuit Court in and for Palm Beach County, Florida (the "Florida State Court")[1] alleging fraud and fraudulent inducement (the "Florida State Court Action").

In the Florida State Court Action, Plaintiff alleged that the Dynkins fraudulently misrepresented the success and financial condition of their former company, Atlas, to induce Plaintiff to make a loan to Atlas, guarantee Atlas' rent payments for its office, and pay off other debts that the Dynkins' incurred with Atlas (the "Florida Complaint"). More specifically, Plaintiff alleged that the Dynkins made the following fraudulent misrepresentations: Atlas's ability to pay its expenses out of generated cash flow; the existence of guaranteed, in-hand orders; that the Dynkins could pay bills from existing profits generated by Atlas; and that the Dynkins had engaged in, and developed, Atlas' business for the two years prior to Atlas's formal creation.

The deadline for the Florida Defendants to move or otherwise respond to the Florida Complaint was February 4, 2021. All of the Florida Defendants failed to answer, move for an extension of time, or otherwise respond to the Florida Complaint. Plaintiff then filed an Amended Complaint (the "Amended Complaint," and collectively with the Florida Complaint, the "Florida Complaints"). The Florida Defendants had to move or otherwise respond to such complaint by

---

[1] The Florida State Court Action was captioned *Ben-Zion Alcalay v. Atlas Cybersecurity Holding, LLC, et al.*, Case No.: 502020CA012935.

February 24, 2021. Again, all of the Florida Defendants failed to answer, move for an extension of time, or otherwise respond to the Amended Complaint.

On May 5, 2021, Plaintiff filed a Motion for an Order of Default. A hearing was conducted in the Florida State Court on May 20, 2021, at which the Florida Defendants' counsel appeared. The Florida State Court denied the Motion for an Order of Default because, despite Plaintiff serving the Florida Defendants in compliance with the Florida Rules of Civil Procedure, the affidavits of service did not appear on the case docket.

Plaintiff cured the docketing issue on that same day and filed a Renewed Motion for Entry of Default Judgment. The Florida Defendants did not submit any opposition to the Renewed Motion for Entry of Default Judgment.

On June 23, 2021, the Florida State Court conducted a hearing on the Renewed Motion for Entry of Default Judgment. Neither the Florida Defendants nor counsel appeared. The Florida State Court issued an order granting Plaintiff's Renewed Motion for Entry of Default Judgment, which was entered by the Clerk on June 30, 2021.

On July 16, 2021, Plaintiff filed a Motion for Final Judgment after Default (the "Motion for Final Default Judgment").

On August 23, 2021, the Florida Defendants filed a Motion to Vacate (the "Motion to Vacate") the default and requested that the Florida State Court hold an evidentiary hearing to determine whether service upon the Florida Defendants was proper.

On September 14, 2021, the Florida State Court held a hearing on the Motion to Vacate, at which time it directed the parties to reappear for an evidentiary hearing on the Motion to Vacate in November.

On November 1, 2021, and continued on November 24, 2021, the Florida State Court conducted an evidentiary hearing on the Motion for Final Default Judgment and the Motion to Vacate. On December 5, 2021, the Florida State Court issued an order with findings of fact denying the Motion to Vacate because service upon Florida Defendants was properly effectuated and the Florida Defendants lacked a meritorious defense ("Order Denying Motion to Vacate").

On December 7, 2021, the Florida State Court signed and entered a Final Default Judgment (the "Default Judgment") in favor of Plaintiff against the Florida Defendants for breach of contract, fraud, and fraudulent inducement, and awarded damages in the amount of $239,291.40 plus interest.

2. **The New York State Court Proceeding**

After receiving the Default Judgment from the Florida State Court, Plaintiff sought to domesticate the Default Judgment in New York by commencing an action in the Supreme Court of the State of New York, Nassau County (the "New York State Court Action").[2]

On August 25, 2023, the Supreme Court of New York, Nassau County entered an order finding that the Default Judgment was proper, and as such, was entitled to full faith and credit (the "New York Judgment").

Neither Defendant, Benjamin, nor Atlas appealed the Default Judgment or the New York Judgment, and the deadlines to do so have expired.

*Legal Standard*

1. **Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), which applies in adversary proceedings pursuant to Bankruptcy Rule 7056, the Court "shall grant summary judgment if the movant shows

---

[2] The New York State Court Action was caption *Ben-Zion Alcalay v. Atlas Cybersecurity LLC and Barry Dynkin*, Index No.: 602826/2022. The New York State Court Action was commenced only against Defendant Barry Dynkin and Atlas due to Benjamin having filed a bankruptcy petition on February 14, 2022.

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Bronx Household of Faith v. Bd. of Educ. of City of N.Y.*, 492 F.3d 89, 96 (2d Cir. 2007). "A fact is material if it might affect the outcome of the suit under governing law." *Royal Crown Day Care LLC v. Dep't of Health and Mental Hygiene of the City of N.Y.*, 746 F.3d 538, 544 (2d Cir. 2014).

The moving party bears the burden of showing that it is entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). After the moving party satisfies its burden, the burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). The nonmoving party cannot avoid summary judgment by "rely[ing] on conclusory allegations or unsubstantiated speculation," but must offer "some hard evidence showing that its version of the events is not wholly fanciful." *Brown*, 654 F.3d at 358; *Miner v. Clinton Cnty. N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008).

The Court is required to view the evidence in the light most favorable to the non-moving party, and to draw all reasonable inferences in favor of that party. *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004). The Court must find a genuine issue of material fact to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dalberth v. Xerox Corp.*, 766 F.3d 172, 182 (2d Cir. 2014) (*quoting Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

2. **Collateral Estoppel**

A prior adjudication may have preclusive effect in a subsequent dischargeability proceeding if the elements of the claim in the prior proceeding are identical to the elements of 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991); *Evans v. Ottimo*, 469 F.3d. 278, 281 (2d Cir. 2006). Federal common law is typically applied to determine the preclusive effect of a federal judgment, while state law is applied to determine the preclusive effect a federal court is to give a state court judgment. *Curtis v. Ferrandina (In re Ferrandina)*, 533 B.R. 11, 22 (Bankr. E.D.N.Y. 2015) (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum),* 513 B.R. 788, 800 (Bankr. E.D.N.Y. 2014)).

Bankruptcy courts are required to give a state court default judgment the same preclusive effect as would be given by that state's courts. *See Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987); *see also Marvel Characters, Inc.*, 310 F.3d at 286; *Guggenheim Capital, LLC*, 513 B.R. at 800; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985). Collateral estoppel "prevent[s] parties from contesting matters that they had a full and fair opportunity to litigate, thereby conserving judicial resources and protecting parties from the expense and vexation of multiple lawsuits." *Marvel Characters, Inc.*, 310 F.3d at 286.

Under Florida law, collateral estoppel bars the litigation of certain issues if the following four elements are present: (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination was a critical and necessary part of the judgment in the prior litigation; and (4) the standard of proof in the prior action was at least as stringent as the standard of proof in the latter case. *See St. Laurent,*

*II v. Ambrose (In re St. Laurent, II)*, 991 F.2d. 672, 676 (11th Cir. 1993); *Land v. Vickers (In re Vickers)*, 247 B.R. 530, 534 (Bankr. M.D. Fla. 2000).

Additionally, "[u]nder Florida law, a judgment is deserving of res judicata or collateral estoppel effect only if it qualifies as a final judgment." *Warton v. Shiver (In re Shiver)*, 396 B.R. 110, 126 (Bankr. S.D.N.Y. 2008). The finality of a final default judgment occurs once the litigation is terminated and the time to appeal the judgment has expired. *See Miller v. Fortune Ins. Co.*, 484 So. 2d 1221, 1223 (Fla. 1934) ("Once the litigation is terminated and the time for appeal has run, that action is concluded for all time."). Defendant did not appeal the Default Judgment, rendering it final under Florida law.

### 3. 11 U.S.C. § 523(a): Exceptions to Discharge and Fraud under Florida Law

A debt is nondischargeable in bankruptcy where one of the exceptions enumerated in 11 U.S.C. § 523 applies. 11 U.S.C. § 523(a). Section 523(a)(2)(A) exempts from discharge "any debt . . . for money, property, services . . . to the extent obtained by—false pretenses, a false representation, or actual fraud." *Id.* In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must show: (1) that the debtor made a false representation; (2) that at the time made, the debtor knew the statement was false; (3) the misrepresentation was made with an intent to deceive; (4) that the creditor reasonably relied on that misrepresentation; and (5) that the creditor was damaged as a result of the misrepresentation. *In re Mines*, 630 B.R. 107, 112 (Bankr. E.D.N.Y. 2021). To prove fraud under Florida law, a plaintiff must show a "deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." *First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 539 (Fla. 1987).

> a. **The issue of Defendant's fraud in the Florida State Court Action is identical to the issue of fraud under § 523(a).**

The first issue is whether the elements in this adversary are identical to the issues involved in the Florida State Court Action. The Eleventh Circuit has held that the elements of common law fraud in Florida and the requirements of § 523(a)(2)(A) are sufficiently identical to meet the first prong of the collateral estoppel test because the two so closely mirror one another. *In re Vickers*, 247 B.R. at 535 (citing *In re St. Laurent, II*, 991 F.2d at 676).

In the Florida Complaints, Plaintiff alleges that Defendant provided false information that Defendant knew was false to induce Plaintiff into loaning money, and Plaintiff detrimentally relied on that information. These are the same facts as Plaintiff alleges in the Complaint, which match the elements required to satisfy non-dischargeability under § 523(a)(2)(A).

Thus, the issue of fraud in the Florida State Court Action is identical to fraud under § 523(a)(2)(A).

> b. **The issue of Defendant's fraud was actually litigated in the Florida State Court Action.**

The second element is whether the issue of fraud was actually litigated during the Florida State Court Action. Under Florida law, an issue is actually litigated in a prior action is satisfied even when a judgment is entered by default. *See, e.g.*, *Howard Alternatives Inc. v. Bentov (In re Bentov)*, 514 B.R. 907, 913 (Bankr. S.D. Fla. 2014) ("Other courts interpreting Florida law have reached the same conclusion: A default judgment satisfies the actually litigated element under Florida collateral estoppel law.") (citing *In re Shiver*, 396 B.R. at 119). Further, under Florida law, a pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the "actually litigated" element of collateral estoppel. *In re Vickers*, 247 B.R. at 535 (citing *Masciarelli v. Maco Supply Corp.*, 224 So. 2d 329, 330 (Fla. 1969). The Second Circuit has

determined that "when a party defaults by failure to answer . . . the defaulting litigant may not further contest the liability issues." *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006).

Here, the Florida State Court determined after a post-appearance evidentiary hearing that Defendant was properly served with the Florida Complaints, and thus entered the Default Judgment. Defendant, a lawyer himself, had a full and fair opportunity to respond to both of the Florida Complaints and assert meritorious defenses, but ultimately failed to do so. Further, Defendant could have asserted meritorious defenses in his Motion to Vacate, but again, failed to do so. Additionally, the fact that the Florida State Court denied Defendant's Motion to Vacate strengthens the conclusion that the issue of fraud was actually litigated in the Florida State Court Action. *See In re Shiver*, 396 B.R. at 126 n.9 ("Florida law only gives *res judicata* or collateral estoppel effect to a final order or judgment") (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 397 (5th Cir. 1981) ("Under Florida law, a judgment is deserving of res judicata or collateral estoppel effect only if it qualifies as a final judgment.") (*citing Donnell v. Industrial Fire & Casualty Co.*, 378 So. 2d 1344 (3rd DCA 1980))).

In the New York State Court Action, Defendant once again had a full and fair opportunity to appeal both the Default Judgment and the domesticated New York Judgment, but Defendant let the deadlines to appeal lapse, giving finality to each.

Defendant had the full and fair opportunity to litigate the issue of fraud but declined to do so. Therefore, the Court finds that the issue of fraud was actually litigated in the Florida State Court Action.

### c. *The fraud and fraudulent inducement causes of action were critical and necessary to the Default Judgment.*

The third element is whether the issue of fraud and fraudulent inducement were critical and necessary to the Florida State Court's entry of the Final Judgment. This requirement is met where

the face of a default judgment specifically mentions a cause of action for fraud. *See Manucy v. Hartman (In re Hartman)*, 274 B.R. 911, 916 (Bankr. M.D. Fla. 2002). In *In re Hartman*, the judgment specifically mentioned fraud and the resulting damages. Here, the Default Judgment specifically states that "Plaintiff is entitled to an entry of Final Judgment against the [Florida Defendants] . . . and the recovery of damages resulting from their breach of contract, fraud, fraudulent inducement, and other causes of action detailed in the [Amended Complaint]."

Similarly, in *In re Bentov*, the Bankruptcy Court for the Southern District of Florida found that "[b]ecause the State Court Final Judgment includes a judgment for fraud in the full amount of the damages that were awarded, the fraud claims were a 'critical and necessary' part of the State Court Final Judgment." *In re Bentov*, 514 B.R. at 915. Here, the Florida State Court's findings of fact in their Order Denying Motion to Vacate made clear that the Florida State Court found the Defendant to have no meritorious defense to Plaintiff's claims of fraud and fraudulent inducement.

For these reasons, Plaintiff's fraud and fraudulent inducement claims in the Florida Complaints were critical and necessary to the Default Judgment.

### d. *The standard of proof for fraud is the same under the § 523(a) discharge exceptions and Florida state law.*

The fourth element is whether the burden of proof under Florida state law is the same as the burden established by § 523(a). The Supreme Court has ruled that the § 523(a) dischargeability exceptions must be proven by a preponderance of the evidence. *Grogan*, 498 U.S. at 281. Further, the Eleventh Circuit has determined that § 523(a) and fraud under Florida law have identical evidentiary burdens. *See St. Laurent, II*, 991 F.2d at 677.

Thus, the standard of proof used by the Florida State Court to determine Defendant made fraudulent misrepresentations was the same as the standard of proof for fraud under § 523(a).

*Conclusion*

For the foregoing reasons, it is hereby

**ORDERED**, that Plaintiff's Motion for Summary Judgment is granted, and Plaintiff's claims are excepted from discharge in Defendant's Bankruptcy Case; and it is further

**ORDERED**, that counsel for Plaintiff should submit a Judgment in conformity herewith within **fourteen (14) days** of entry of this Order; and it is further

**ORDERED**, that upon the Court's entry of Judgment against Defendant, that the Clerk of Court is directed to close this adversary proceeding without prejudice.



Dated: April 3, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge